**Jose M. LOZADA, Petitioner–Appellant,**

v.

**George DEEDS, Warden; Brian McKay, Attorney General for the State of Nevada, Respondents–Appellees.**

**No. 90–15621.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 1991.*

Decided May 20, 1992.

Jose M. Lozada, in pro per.

Margaret M. Stanish, Deputy Atty. Gen., Las Vegas, Nev., for respondents-appellees.

Before NORRIS, BEEZER, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Appellant Jose M. Lozada, a Nevada prisoner, petitioned under 28 U.S.C. § 2254 for a writ of habeas corpus, claiming ineffective assistance of counsel. He alleged that his trial attorney failed "to advise petitioner of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal." He alleged further "he did nothing to protect me—filing the *notice* of appeal, nor informed the court at sentencing of my financial status in order to insure assistance of counsel for my first appeal."

Relying on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court dismissed the petition, stating: "Lozada completely fails to demonstrate any prejudice that has resulted because counsel's deficiency." Lozada did not identify any issue he would have raised on appeal nor did he demonstrate that an appeal might succeed.

The district court denied Lozada's request for a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253. We also denied the certificate of probable cause consistent with our previous cases. *See United States v. Lewis,* 880 F.2d 243 (9th Cir.1989); *United States v. Popoola,* 881 F.2d 811 (9th Cir.1989); and *Katz v. United States,* 920 F.2d 610 (9th Cir.1990). *Lewis, Popoola,* and *Katz* all involve a failure to file a notice of appeal. In each we found a lack of prejudice either because of a failure to allege claimed error or be-

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

cause we concluded that a direct appeal would have been futile.

The Supreme Court reversed our denial of the certificate of probable cause. *Lozada v. Deeds,* —— U.S. ——, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). The Court said:

> We conclude that the Court of Appeals erred in denying Lozada a certificate of probable cause because under the standards set forth in *Barefoot* Lozada made a substantial showing that he was denied the right to effective assistance of counsel. The District Court rested its analysis on the prejudice prong of the *Strickland* inquiry and that was presumably the basis for the Court of Appeals' decision to deny a certificate of probable cause. We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the District Court. Since *Strickland,* at least two Courts of Appeals have presumed prejudice in this situation. *See Abels v. Kaiser,* 913 F.2d 821, 823 (CA10 1990); *Estes v. United States,* 883 F.2d 645, 649 (CA8 1989); *see also Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969). The order of the Court of Appeals did not cite or analyze this line of authority as reflected in *Estes,* which had been decided before the Ninth Circuit issued its ruling.

*Id.* 111 S.Ct. at 862.[1]

We must now decide whether our post-*Strickland* holdings that a section 2254 petition must allege prejudice where there is a failure to file a notice of appeal survive the Supreme Court's holding in favor of Lozada on the issue of probable cause. We hold that they do not.

*Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) originated in this circuit. In *Rodriquez,* we had affirmed the district court's decision, which held that a section 2255 petitioner must disclose the "nature of the error and prejudice which he proposes by appeal to correct" in order to get relief. *Rodriquez v. United States,* 387 F.2d 117, 118 (9th Cir.1967), *rev'd,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). In reversing our affirmance, the Supreme Court said:

> As this Court has noted before, '[p]resent federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right.' *Coppedge v. United States,* 369 U.S. 438, 441 [82 S.Ct. 917, 919, 8 L.Ed.2d 21] (1962). The Ninth Circuit seems to require an applicant under 28 U.S.C. § 2255 to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.

> Applicants for relief under § 2255 must, if indigent, prepare their petitions without the assistance of counsel. *See Johnson v. Avery,* 393 U.S. 483, 487–488 [89 S.Ct. 747, 749–750, 21 L.Ed.2d 718] (1969). Those whose education has been limited and those, like petitioner, who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one. Like the approach rejected long ago in *Powell v. Alabama,* 287 U.S. 45, 69 [53 S.Ct. 55, 64, 77 L.Ed. 158] (1932), the Ninth Circuit's requirement makes an indigent defendant face 'the danger of conviction because he does not know how to establish his innocence.' Moreover, the Ninth Circuit rule would require the sentencing court to screen out supposedly unmeritorious appeals in ways this

---

1. The reference to *Barefoot* is *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Court rejected in *Coppedge*. Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

*Rodriquez*, 395 U.S. at 329–30, 89 S.Ct. at 1717.

Following *Rodriquez*, we extended the no prejudice requirement to section 2254 in *Gairson v. Cupp*, 415 F.2d 352 (9th Cir. 1969). We made it clear that not only was it unnecessary for a petitioner to allege prejudice, but that we would not look at the merits of the underlying claim or error if one was made. *Sanders v. Craven*, 488 F.2d 478 (9th Cir.1973); *Riser v. Craven*, 501 F.2d 381 (9th Cir.1974). The question was simply whether the right to appeal was wrongfully denied. *Doyle v. United States*, 721 F.2d 1195 (9th Cir.1983).

Then came *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), with its requirement that the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland* did not cite *Rodriquez*, and while its broad rule requiring a showing of prejudice could be read to include cases where the negligence was a failure to file a notice of appeal, the *Strickland* court pointed out that in certain Sixth Amendment contexts, prejudice is presumed. The Court said: "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692, 104 S.Ct. at 2067. Because applicants under sections 2254 or 2255 must, if indigent, prepare their petitions without the assistance of counsel, as a practical consequence there is a total denial of counsel when compared to the right to counsel that a state or federal prisoner would have on direct appeal.

In reversing on the issue of probable cause in *Lozada*, the Supreme Court cited two decisions from other circuits that presume prejudice in this situation. *See Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990); *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989). Since then, another circuit has joined in holding that a petitioner is not required to specify the errors he would have raised had an appeal been taken. *United States v. Tajeddini*, 945 F.2d 458 (1st Cir.1991). The First Circuit said:

> We do not see how the right to appeal and to effective assistance of counsel in connection therewith can be adequately vindicated if, as a condition to any relief, petitioner must first establish—without the assistance of any counsel—that he has a nonfrivolous or arguably meritorious issue to present on appeal. Requiring an initial demonstration of merit from an unrepresented defendant as a condition to remedying the involuntary loss of appellate rights would deprive the defendant of one of the very benefits of appellate counsel—review by counsel for the purpose of identifying potential appellate issues. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S.Ct. 1396, 1400–01, 18 L.Ed.2d 493 (1967) (indigent's right to counsel on appeal requires counsel wishing to withdraw on the ground the appeal has no merit to first act as an advocate for the indigent and file a brief 'referring to anything in the record that might arguably support the appeal').

*Id.* at 467.

We do not think it necessary for a petitioner in these circumstances to allege he is lacking in language or other skills, but *Lozada*'s allegations that he is non-English speaking, as was the petitioner in *Rodriquez*, serve to illustrate the practical barrier that is created by requiring him to identify a claimed error. We believe this is the "actual or constructive denial of the assistance of counsel altogether" referred to in *Strickland*.

We hold that prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent. We

remand for a determination of whether the failure to file the notice of appeal was without Lozada's consent. If that is the case, petitioner is entitled to relief by way of a conditional writ. The writ should order Lozada's release from state custody unless Nevada allows Lozada to take a delayed appeal within a reasonable time. *See Gardner v. Pitchess*, 731 F.2d 637, 640 (9th Cir.1984); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990).

REMANDED.