993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dealon SIMMONS, Petitioner-Appellant,
v.
Gary R. MILLER; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 91-7303.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 10, 1992
Decided: May 3, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-519-HC-H)
 Dealon Simmons, Appellant Pro Se.
 E.D.N.C.
 Affirmed in part, vacated in part, and remanded.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Dealon Simmons, a North Carolina inmate who is presently serving time on drug trafficking and related convictions, appeals from the district court's dismissal of his 28 U.S.C. § 2254 (1988) petition as frivolous under 28 U.S.C. § 1915(d) (1988). Simmons's petition alleged that his trial counsel rendered ineffective assistance by: (1) conspiring with the state to achieve the maximum sentence, failing to recommend the minimum sentence, and failing properly to pursue a substantial assistance departure at sentencing; (2) charging a fee that was much too high; (3) entering Simmons's plea of guilty without obtaining his consent and without adequately explaining the plea and potential sentencing to him; (4) failing to file a motion for a continuance; (5) failing to establish a defense for trial; and (6) failing to appeal the conviction at Simmons's request. We grant a certificate of probable cause to appeal, but affirm the dismissal of claims (1)-(5) on the reasoning of the district court, Simmons v. Miller, No. CA-91-519-HC-H (E.D.N.C. Aug. 29, 1991), since it is clear on this record that these claims are patently frivolous, warranting summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 76 (1977). Because we believe that Simmons may have an arguable ineffective assistance claim with regard to counsel's alleged failure to file a direct appeal, however, we vacate the district court's dismissal of that final claim and remand for further consideration.
 
 
 2
 The failure to perfect an appeal as of right normally gives rise to an ineffective assistance claim within the meaning of Strickland v. Washington, 466 U.S. 668 (1984). Evitts v. Lucey, 469 U.S. 387 (1985); Fuller v. Luther, 575 F.2d 1098 (4th Cir. 1978). In North Carolina, however, the appeal rights of a defendant who pleads guilty are severely restricted. Such a defendant may only appeal as of right the substantive issues of whether the indictment charged an offense under the state constitution and laws, State v. Hart, 213 S.E.2d 291, 296 (N.C. 1975), and whether the trial court erred in denying a motion to suppress or a motion to withdraw a guilty plea. N.C. Gen. Stat. §§ 15A-979, 15A-1444(e) (1988). Such a defendant may also raise as of right the issue of whether the sentence imposed was supported by evidence presented at trial or at the sentencing hearing, but only if the prison term imposed exceeded the presumptive term and if the judge was required to make findings regarding aggravating and mitigating circumstances in imposing the sentence. N.C. Gen. Stat. § 15A1444(a1). Findings are not required where a prison term is imposed "pursuant to any plea arrangement as to sentence[.]" N.C. Gen. Stat. § 15A-1340.4(b).
 
 
 3
 In this case, Simmons received a sentence in excess of the combined presumptive terms applicable to the offenses to which he pled guilty, thus meeting one of the two prerequisites for raising a sentencing challenge as a matter of right under section 15A-1444(a1). Although it appears that no findings were made by the sentencing court, such findings arguably should have been made, because the plea arrangement undertaken by the parties did not address length of sentence, and no other reason for deviating from the requirement of making findings in cases such as this is apparent on this record.
 
 
 4
 For these reasons we conclude that Simmons's final ineffective assistance claim concerning counsel's alleged failure to appeal may have some arguable basis in law or fact,[1] and thus vacate the district court's dismissal of that claim and remand for further proceedings.[2] In all other respects, the district court's decision is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Simmons's claim regarding counsel's alleged failure to file an appeal is not defective for failure to identify any meritorious issue that could be raised. Prejudice under Strickland is presumed where no appeal is filed. See Lozada v. Deeds, 964 F.2d 956 (9th Cir. 1992); Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992); Holloway v. United States, 960 F.2d 1348 (8th Cir. 1992); Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990)
 
 
 [2]
 Our decision should not be construed as a statement on the merits of Simmons's final claim. We leave that determination for the district court after further proceedings