995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur William MACK, Defendant-Appellant.
 No. 92-30434.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur William Mack appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mack pleaded guilty to manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 63 months imprisonment and 3 years supervised release. He contends that the district court erred by finding that although trial counsel was deficient in failing to request a downward departure from the Sentencing Guidelines, Mack failed to demonstrate resulting prejudice. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's error, the outcome of the proceedings would have been different. Id. at 694. Predictions of a different outcome must be made without regard for the "idiosyncracies of the particular decisionmaker." Id. at 695.
 
 
 4
 Here, the district court found that trial counsel's performance was deficient because despite evidence of diminished capacity, counsel did not request a downward departure under U.S.S.G. § 5K2.13. The district court further found that this error did not prejudice Mack because the court would not have granted a departure on the basis of diminished capacity even if counsel had requested such a departure and had presented additional evidence.
 
 
 5
 Mack contends that he established prejudice by showing that he would have requested the departure if properly represented. He analogizes his "waiver" of his right to request the departure to waiver of the right to trial and the right to appeal. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985) (claim of ineffective assistance on guilty plea requires showing that if correctly advised, defendant would not have entered plea); Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992) (claim of ineffective assistance regarding appeal requires showing that defendant did not consent to counsel's failure to file notice of appeal).
 
 
 6
 This contention lacks merit because the Supreme Court and this court have held that if counsel is deficient in failing to present mitigating evidence at sentencing, the defendant must show prejudice by establishing a reasonable probability that the addition of the evidence would have changed the sentence. Strickland, 466 U.S. at 695; Mak v. Blodgett, 970 F.2d 614, 619-20 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1363 (1993).
 
 
 7
 Mack further argues that the district court did not apply the standard set out in Strickland and Mak because it made a "subjective" finding as to the sentence it would have imposed if counsel had been effective, rather than an "objective" finding regarding the reasonable probability of another sentence. Mack is correct that the district court was required to find whether there was a reasonable probability that a request for a downward departure would have changed the sentence. See Strickland, 466 U.S. at 694-95; Mak, 970 F.2d at 619-20. Nevertheless, this finding is implicit in the district court's analysis. The district court found that Mack's advocacy of the legalization of marijuana, and other evidence presented at sentencing, showed that Mack's diminished capacity did not control his involvement in marijuana growing. Accordingly, the district court did not err by denying Mack's 28 U.S.C. § 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3