24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jimmy Dean RODGERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55982.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Dean Rodgers, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. In 1991, Rodgers pled guilty to possession with intent to distribute methamphetamine and was found guilty after a jury trial of knowingly using and carrying a firearm during and in relation to a drug trafficking crime. He claimed in his Sec. 2255 motion, and contends on appeal, that his counsel provided ineffective assistance.[1] We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991), and vacate and remand.
 
 
 3
 Rodgers contends that the district court erred in summarily denying his claim that his attorney was ineffective in failing to file a notice of appeal. This contention has merit.
 
 
 4
 "When Sec. 2255 motions are based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations" unless the allegations of the petition viewed against the record do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). Summary dismissal is justified if it plainly appears from the face of the motion, exhibits and prior proceedings that the movant is not entitled to relief; otherwise, the district court must order the United States Attorney to file an answer. Rule 4(b), Rules Governing Section 2255 Proceedings.
 
 
 5
 To show ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Particular acts must be identified that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 690. This court then determines whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. Id.
 
 
 6
 Prejudice is presumed under Strickland, if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent. Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). If the petitioner did not consent to abandonment of his appeal, his right of appeal must be reinstated. United States v. Horodner, 993 F.2d 191, 196 (9th Cir.1993).
 
 
 7
 Rodgers claims that he instructed his retained counsel to file an appeal, but counsel failed to do so and neglected to inform Rodgers that he had withdrawn his services from the case. Rodgers contends that the specific act of failing to file a notice of appeal was ineffective assistance. See Strickland, 466 U.S. at 690. Prejudice is presumed if Rodgers did not agree to this failure to file an appeal. See Lozada, 964 F.2d at 958. However, all the circumstances are not known from the record. See Strickland, 466 U.S. at 690.
 
 
 8
 Thus, the record does not conclusively show that Rodgers' notice of appeal claim lacks merit. Because Rodgers' allegations may state a claim for relief and are not patently frivolous or false, the district court should conduct a hearing on those allegations. See Watts, 841 F.2d at 277. Accordingly we vacate the district court's order and remand for the district court to allow the United States Attorney to file an answer. See Rule 4(b), Rules Governing Section 2255 Proceedings.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his Sec. 2255 motion, Rodgers claimed that his counsel was ineffective in failing to timely file the notice of appeal to perfect his appeal, and that the conviction of carrying a gun in connection with drug trafficking was faulty because he was not in possession of any gun at the time he was stopped. On appeal, Rodgers raises ineffective assistance in relation to his counsel's failure to move to suppress the knife found on Rodger's person during the Terry-stop. Because we generally will not consider issues raised for the first time on appeal, only the claims made below will be considered here. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990)