24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Zoltan Attila BIRO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35523.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 19, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Zoltan Attila Biro ("Biro") appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence which the district court imposed following his plea of guilty to conspiracy to distribute cocaine and distribution of cocaine. We summarized the facts of the case and addressed Biro's claim that the district court erred in not advising him of his right to appeal his sentence in a separate published opinion. We discuss here Biro's remaining claims.
 
 DISCUSSION
 I.
 Ineffective Assistance of Counsel Claim
 
 3
 This Court reviews de novo a claim of ineffective assistance of counsel. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the conduct prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a plea bargain, prejudice is demonstrated if there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 A.
 
 4
 Counsel's failure to advise Biro of his right to appeal
 
 
 5
 Biro claims that the district court erred in dismissing without an evidentiary hearing his claim that he received ineffective assistance of counsel because his counsel frustrated his right to appeal. Biro did not file a direct appeal from his sentence. He claims that immediately following sentencing he urged his counsel to file an appeal but that counsel advised him that he did not have the right to appellate review and refused to file an appeal on his behalf.
 
 
 6
 Biro argues that Ninth Circuit law establishes that prejudice is presumed when counsel frustrates the right to appeal by not advising him of his right or by failing to file the notice of appeal as requested. In Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992), we held that "prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." We remanded to the district court for an evidentiary hearing to determine whether the failure to file the notice of appeal was without the petitioner's consent. If so, we stated that the petitioner would be entitled to a writ which would order his release from state custody unless the state allowed petitioner to take a delayed appeal within a reasonable time. Id at 958-59.
 
 
 7
 The government contends that Biro's claim fails because he can not establish prejudice under Strickland. The government asserts that had Biro filed an appeal from his sentence, we would have dismissed Biro's appeal for lack of jurisdiction because 18 U.S.C. Sec. 3742 limits appeals to certain specified causes.[1]
 
 
 8
 Our decision in Lozada controls Biro's claim that his counsel frustrated his right to appeal. Biro is not required to demonstrate prejudice to succeed on his ineffective assistance of counsel claim in this context. Had we not found in favor of Biro on the issue addressed in our published opinion, we would remand to the district court for a determination as to whether (1) Biro requested that his counsel filed an appeal; (2) Biro's counsel incorrectly advised Biro that he did not have a right to appeal his sentence; and (3) counsel refused to file an appeal on his behalf.
 
 B.
 
 9
 Counsel's failure to fully investigate and prepare
 
 
 10
 Biro asserts that his counsel failed to properly investigate his case, failed to interview potential witnesses, and failed to do the necessary preparatory pretrial work. Therefore, Biro argues, counsel could not adequately assess the government's case against him. Biro's allegations are no more than conclusory statements and, without more, they cannot support a claim of ineffective assistance of counsel. Biro does not state what additional information would have been gained by the preparation his attorney allegedly failed to undertake. We deny this claim because Biro has not established prejudice under the second prong of Strickland.
 
 C.
 
 11
 Counsel's failure to argue Biro's disavowment of the
 
 
 12
 conspiracy
 
 
 13
 Biro claims that his counsel was ineffective because he failed to argue Biro's disavowment of the conspiracy. Biro's position is untenable given that he acknowledged participating in the conspiracy during the Rule 11 proceeding. Counsel could not have argued a position unsupported by the record and contradicted by Biro's sworn testimony. This claim fails the first prong of the Strickland test; counsel's actions were not "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.
 
 II.
 Rule 11 Claim
 
 14
 Biro argues that his guilty plea was invalid because the court did not comply with Federal Rule of Criminal Procedure 11 in accepting Biro's change of plea from not guilty to guilty. Biro contends that the district court did not establish a factual basis for the plea and did not ascertain whether Biro understood the charges against him. Our review of the transcript from the sentencing hearing reveals that the district court fully complied with Rule 11. Biro told the court that he was familiar with the charges against him, that he had had sufficient time to consult with counsel, that he understood the possible penalties, and that there were no promises other than the promises contained in the plea agreement. The court advised Biro of the constitutional rights he was waiving by pleading guilty. Biro acknowledged committing the acts which the government alleged in Biro's indictment. The court inquired about the plea agreement and confirmed that Biro had discussed it with his attorney and fully understood its terms. Since there was nothing improper about the Rule 11 proceeding, we reject this claim.
 
 III.
 Eighth Amendment Claim
 
 15
 Biro claims that his sentence is unlawful because it is disproportionate when weighed against the mitigating factors in his case and when compared to the sentences other participants in the charged conspiracy received. He further argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.
 
 
 16
 A lawful sentence within the correctly applied guideline range is not subject to review. See United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990). Biro's sentence was below the range calculated by the Probation Office and was within the range which would have been applicable had the district court not adopted the contested two-point adjustment for Biro's managerial role in the offense.
 
 
 17
 Biro's 170 month sentence does not constitute cruel and unusual punishment. In Harmelin v. Michigan, 111 S.Ct. 2680 (1991), the Supreme Court upheld a sentence of life without parole for possession of one and a half pounds of cocaine and stated that "severe mandatory penalties may be cruel, but they are not unusual, in the constitutional sense, having been employed in various forms throughout our nation's history." See also United States v. Van Winrow, 951 F.2d 1069, 1071-73 (9th Cir.1991). Biro's sentence is not unlawful.
 
 IV.
 Fair Sentencing Hearing Claim
 
 18
 Biro asserts that he was denied a fair sentencing hearing because the district court failed to make a finding with respect to his objection to the upward adjustment for his managerial role and because the district court refused to permit Biro's daughter to address the court.
 
 
 19
 Defense counsel declined to address the managerial role objection when invited to do so by the district court. Defense counsel's failure to object to the two-point adjustment at the sentencing hearing waives any further challenge on appeal. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 20
 Biro's argument that his daughter should have been able to address the court is also without merit. Federal Rule of Criminal Procedure 32(a)(1) requires the district court to permit the defendant, defense counsel, and counsel for the United States to address the court. No federal rule requires the district court to permit others to make a statement. Moreover, defense counsel presented to the district court the information that Biro's daughter had shared with him.
 
 V.
 Conclusion
 
 21
 We affirm the district court's dismissal of Biro's claims of ineffective assistance of counsel, unfair sentencing hearing, and violation of the Eighth Amendment, and we affirm the denial of Biro's claim that his guilty plea was involuntary.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3742 limits appellate review of a sentence to situations where the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; and (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. Sec. 3742 (1988)