50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Moses LONGORIA, Sr., Defendant-Appellant.
 No. 93-35720.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 14, 1995.
 
 IN PART, REMANDED IN PART.
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Longoria appeals pro se the denial, without an evidentiary hearing, of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm in part and remand in part.
 
 
 3
 In his section 2255 motion, Longoria claims (1) that his counsel was ineffective; (2) that the government withheld Brady materials from him at sentencing; and (3) that the government breached its plea agreement.[1] In response, the government contends that Longoria's failure to appeal his sentence precludes collateral review of these claims.
 
 
 4
 "[C]onstitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).[2] Accordingly, Longoria's failure to appeal his claims directly does not preclude our collateral review.
 
 
 5
 We thus must next determine whether there is sufficient evidence in the record to evaluate Longoria's claims, or whether an evidentiary hearing is required. "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Schaflander, 743 F.2d at 717.
 
 
 6
 * Longoria first alleges that his counsel was ineffective. To demonstrate ineffective assistance of counsel, a habeas petitioner must show first that counsel's performance fell below that of a reasonable attorney and second that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 In an attempt to satisfy Strickland, Longoria points to several alleged errors made by counsel. The majority of Longoria's contentions fail to satisfy Strickland.[3] We are troubled, however, by Longoria's assertion that counsel failed to appeal from sentencing, despite Longoria's requests therefor.[4]
 
 
 8
 "Prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). Thus, the critical question is whether Longoria consented to counsel's failure to appeal. A determination of this issue cannot be made from the record. Accordingly, we remand for an evidentiary hearing to determine whether the failure to file the notice of appeal was without Longoria's consent.
 
 II
 
 9
 Longoria next claims that the government withheld Brady materials.
 
 
 10
 Due process requires a prosecutor to disclose to the defense material information in its possession. Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Hendricks v. Zenon, 993 F.2d 664, 673 (9th Cir.1993).
 
 
 11
 Longoria claims that he was denied "drug records," trial transcripts, and law enforcement reports that demonstrated that his co-defendants had perjured themselves. Longoria does not indicate how such records would have resulted in a downward departure, however, nor can we perceive any such potential effect. Thus, we are persuaded that the district court did not err in refusing to hold an evidentiary hearing on this claim.
 
 III
 
 12
 Longoria's final contention is that the government breached its plea agreement by failing to inform the sentencing court of the exact nature of Longoria's assistance to the government, provided by Longoria in the hope of reducing his sentence.
 
 
 13
 A plea agreement is contractual in nature and thus is measured by contractual standards. "Thus, any dispute over the terms of the agreement will be determined by objective standards." United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991).
 
 
 14
 Longoria's plea agreement sets forth the government's obligation to request a downward departure for Longoria's cooperation as follows:
 
 
 15
 If Mr. Longoria provides all of the assistance ... described in the paragraphs above ... to the complete satisfaction of the United States Attorney's Office, the United States would file a motion for a downward departure pursuant to Section 5K1.1 of the U.S.S.G. If the assistance he provides occurs within one year following the imposition of sentence, the United States would file a motion pursuant to Rule 35 ... and would request a downward departure at that time.
 
 
 16
 The government did not promise to inform the district court of the exact nature of Longoria's cooperation. Rather, the government promised only to make its own evaluation of Longoria's cooperation, and to request a downward departure accordingly. The government fulfilled that obligation. Thus, we are persuaded that the government did not breach its plea agreement with Longoria.
 
 IV
 
 17
 Longoria has filed a motion to supplement the record on appeal. Because we reached our decision to remand his claim of ineffective assistance for an evidentiary hearing without the benefit of Longoria's supplemental material, we dismiss his motion as moot. We call Longoria's submissions to the attention of the district court, however.
 
 
 18
 AFFIRMED in part and REMANDED in part for evidentiary hearing. Each party to bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 In addition to his Sec. 2255 motion, Longoria raises a subsidiary claim of judicial bias. To demonstrate such bias, a petitioner must show "that the judge's conduct reflected a disposition, based on extrajudicial sources, to treat him unfairly." Hansen v. Commissioner, 820 F.2d 1464, 1467 (9th Cir.1987). Longoria presents no such evidence
 
 
 [2]
 We note a potential conflict between Schaflander and United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993), in which this court required the appellant to demonstrate cause and prejudice for his failure to raise claim of constitutional error on direct appeal. We need not resolve this conflict here, however. Because we find that Longoria's Brady claim and his breach of plea agreement claim lack merit, our decision to reach the merits of these claims is not determinative. Longoria's remaining claim--that his counsel was ineffective--may have merit. However, this court has traditionally addressed claims of ineffective assistance on collateral review. See Schaflander, 742 F.2d at 717 ("[T]his court has been chary of analyzing insufficiency of counsel claims on direct appeal."). Accordingly, it is appropriate for us to reach the merits of this claim
 
 
 [3]
 In particular, Longoria asserts that counsel coerced him into entering a guilty plea. In order to demonstrate prejudice in the plea context, however, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Longoria makes no such assertion; rather, he challenges only the sentence imposed upon him
 Longoria also claims that counsel failed to conduct discovery properly. Assuming Longoria's assertions are true, he nonetheless fails to demonstrate how counsel's conduct prejudiced him.
 
 
 [4]
 The district court failed to reach this issue, perhaps because it was not particularly well-articulated by Longoria in his briefs to that court. It is clear from the record that Longoria raised this claim below, however. [CD 606 at 32-35]