72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose M. LOZADA, Petitioner-Appellee,
v.
George DEEDS, Warden, Respondent-Appellant.
 No. 95-15450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided Dec. 7, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The U.S. District Court unconditionally granted former Nevada state prisoner Jose Lozada's 28 U.S.C. Sec. 2254 habeas petition and ordered him released from state custody. Nevada state prison officials appeal. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Lozada was convicted in 1987 in Nevada state district court ("Nevada trial court") of four crimes arising out of the possession and sale of a controlled substance. The court sentenced Lozada to twenty-three years in a Nevada prison. Lozada's retained counsel failed to advise Lozada of his right to appeal, the procedure and time limits involved, and of his right to appointed counsel on appeal. Lozada's counsel also failed to file a notice of appeal within the thirty-day statutory period, thus causing Lozada to lose his right to a direct state appeal.[1] Lozada filed a petition for post-conviction relief in the Nevada trial court. The court denied Lozada's petition. Lozada appealed to the Nevada Supreme Court, which also denied his petition.[2] Lozada v. State, 104 Nev. 863, 809 P.2d 610 (1988).
 
 
 4
 After exhausting his state remedies, Lozada petitioned for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the U.S. District Court. Lozada's habeas petition alleged ineffective assistance of counsel on the ground that his attorney had deprived him of his right to an appeal. The U.S. District Court dismissed the petition, reasoning that Lozada had not demonstrated prejudice as required by Strickland v. Washington, 466 U.S. 668, 694 (1984). For the same reason, the court denied Lozada's motion for a certificate of probable cause to appeal the denial of habeas relief. On appeal, this court also denied Lozada's request for a certificate of probable cause. [CR at 20.]
 
 
 5
 The United States Supreme Court granted certiorari. The Court reversed our denial of the certificate of probable cause because Lozada had made a substantial showing that he was denied his federal right to the effective assistance of counsel. The Court stated that the issue of prejudice caused by the alleged denial of the right to appeal "could be resolved in a different manner" from the approach taken by the U.S. District Court. The Court noted that at least two circuits had concluded that prejudice is presumed if it is established that counsel's failure to file a notice of appeal was without defendant's consent. Because the Ninth Circuit had failed to consider this line of authority, the Supreme Court remanded for further proceedings. Lozada v. Deeds, 498 U.S. 430-32 (1991).
 
 
 6
 On remand, this court ruled that prejudice would be presumed if the U.S. District Court found that Lozada had not consented to his counsel's failure to file a notice of appeal. Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). We then remanded to the U.S. District Court to determine whether Lozada had consented. Id. at 959. We instructed the U.S. District Court that, if Lozada had not consented, it should grant a conditional writ of habeas corpus. The writ should order Lozada's release unless the State of Nevada allowed Lozada to take a delayed appeal within a reasonable time. Id. at 959.
 
 
 7
 On remand, the U.S. District Court concluded that Lozada had not consented to his counsel's failure to pursue an appeal. [CR 32 at 1.] As directed by this court, the U.S. District Court granted a conditional writ that ordered the State of Nevada to either release Lozada from custody or allow him to file a delayed appeal within a reasonable time. The State of Nevada chose not to appeal the U.S. District Court's ruling. In fact, counsel for the state informed the court that, given the circumstances of the case and the instructions of this court, the state would not oppose Lozada taking a delayed appeal.
 
 
 8
 Lozada filed a notice of appeal with the Nevada trial court in August 1993. The Nevada trial court appointed the county public defender's office to perfect the appeal. The public defender filed an opening brief with the Nevada Supreme Court.
 
 
 9
 The Nevada Supreme Court disregarded the U.S. District Court's order to the State of Nevada either to grant Lozada a delayed appeal or release him. Instead, the Nevada Supreme Court determined that it lacked jurisdiction to grant Lozada a delayed appeal because the statutory deadline for filing a notice of appeal had passed. The court then held that Lozada's remedy was to file a petition for writ of habeas corpus in the Nevada trial court, and that the trial court should appoint counsel for Lozada and allow him to raise any issues he could have raised had he been given a direct appeal. Lozada v. State of Nevada, 110 Nev. 349, 871 P.2d 944, 946, 949-50 (1994). The court implied that this collateral remedy was equivalent to a direct appeal.
 
 
 10
 Because the Nevada Supreme Court denied Lozada a direct appeal, he then petitioned the U.S. District Court for the alternate relief described in its conditional writ, which was to order his release from custody. The U.S. District Court then ordered the State of Nevada to release Lozada. [CR at 38.]
 
 
 11
 28 U.S.C. Sec. 2254 confers upon state prisoners the right to question, in federal court, the constitutionality of their state detentions. To obtain habeas corpus relief, a person must demonstrate that their conviction or punishment violates the federal Constitution, a federal statute, or a treaty. See 28 U.S.C. Sec. 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975). Here, Lozada made a substantial showing that he was denied a federal constitutional right to have effective assistance of counsel. Lozada v. Deeds, 498 U.S. at 432.
 
 
 12
 Under Strickland v. Washington, 466 U.S. at 687, a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction must satisfy a two-pronged test. The defendant must first show that counsel's performance was so deficient that it did not satisfy the Sixth Amendment. Id. at 687. Second, the defendant must show that the deficient performance prejudiced his defense. Id. In certain Sixth Amendment contexts, however, prejudice is presumed. Id. at 692-93.
 
 
 13
 On remand, this court agreed with the approach followed by the Eighth and Tenth Circuits and ruled that prejudice is presumed if a court finds that counsel's failure to file a notice of appeal was without the defendant's consent. Lozada v. Deeds, 964 F.2d at 958. On remand, the U.S. District Court concluded that Lozada had not consented to his counsel's failure to pursue an appeal. [CR 32 at p. 1.] Prejudice is therefore presumed. Lozada v. Deeds, 964 F.2d at 958-59.
 
 
 14
 Out of concerns of comity and federalism, a state prisoner's application for federal habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [s]tate, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. Sec. 2254(b). The "exhaustion doctrine" is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). This was done here.
 
 
 15
 After the Nevada Supreme Court denied Lozada a direct appeal, and he was back before the U.S. District Court, the State of Nevada--for the first time--argued that the proper remedy for the denial of Lozada's right to appeal would be for the U.S. District Court to order the Nevada trial court to vacate the original Judgment of Conviction and enter a new judgment of conviction. Presumably, the time for filing a notice of appeal would start anew. But Nevada never made this argument when the matter was first before the U.S. District Court on remand. As a matter of fact, Nevada agreed to the alternatives set forth in the U.S. District Court's grant of the conditional writ. In the circumstances of this case, we cannot fault the district court for not accepting this belated argument and enforcing its conditional writ by ordering Lozada's release.
 
 
 16
 In short, the Nevada Supreme Court failed to follow the U.S. District Court's conditional order, issued pursuant to our instructions on remand. Nevada neither allowed Lozada an appeal nor released him. The suggested alternative, that Lozada seek collateral relief by filing a petition for a writ of habeas corpus in the Nevada trial court, is not the direct appeal required by the conditional writ. We therefore affirm the U.S. District Court's order requiring Lozada's immediate release.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nev.R.App.P. 4(b)
 
 
 [2]
 The State of Nevada has no intermediate appellate court