113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale William MARTINEAU, Defendant-Appellant.
 No. 96-56002.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale William Martineau appeals pro se the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence imposed following his 1984 jury conviction of three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Martineau asserted that he was denied effective assistance counsel because of his attorney's failure to file a notice of appeal from his conviction. The government argued that the motion should be summarily denied because the same basis for relief advanced in the instant motion was raised, and denied, in Martineau's 1985 petition for a writ of habeas corpus. The district court summarily denied the instant motion in a minute order.
 
 
 3
 The instant motion was filed in the district court after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), Pub.L. No. 104-132, 110 Stat. 1214. "Under the Act, before a successive § 2255 motion may be considered, it must be certified by a three-judge panel of the court of appeals to contain either newly discovered evidence demonstrating innocence, or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255 (as amended)." United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir.1997). Martineau did not request, nor did he receive, the requisite certification from this court prior to filing his successive § 2255 motion in the district court. We therefore construe the Notice of Appeal as a request for certification of his successive motion, and we deny certification.
 
 
 4
 Martineau contends that he is entitled to relief based on the intervening Supreme Court case of Lozada v. Deeds, 498 U.S. 430 (1991), as interpreted on remand in Lozada v. Deeds, 964 F.2d 956 (9th Cir.1992). Lozada held that there is a presumption of prejudice where counsel's failure to file a notice of appeal was without the defendant's consent. See id., at 958-59. Lozada has no bearing on this case because the district court found in denying Martineau's 1985 habeas petition that counsel's failure to file a notice of appeal was not without Martineau's consent.[1] Martineau's successive § 2255 motion thus does not contain a new rule of constitutional law made retroactive on collateral review by the Supreme Court.
 
 
 5
 The district court therefore lacked jurisdiction to entertain the instant motion. Accordingly, we VACATE the district court's denial of the instant motion and REMAND to the district court for entry of an order dismissing the motion for lack of jurisdiction.
 
 VACATED and REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In denying Martineau's 1985 petition, the district court rejected as unsupported by the record Martineau's contention that counsel's failure to file a notice of appeal was without consultation with Martineau and over Martineau's objection
 
 
 [2]
 Martineau's requests for oral argument and appointment of counsel are denied