Lucio Flores ORTEGA, Petitioner–Appellant,

v.

Ernest C. ROE, Warden, Respondent–Appellee.

No. 97–17232.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 1998.*

Decided Nov. 2, 1998.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Ann H. Voris, Assistant Federal Defender, Fresno, CA, for petitioner-appellant.

Paul E. O'Connor, Deputy Attorney General, Sacramento, CA, for respondent-appellee.

Before: BEEZER, HALL and RYMER, Circuit Judges.

BEEZER, Circuit Judge:

Lucio Flores Ortega appeals the denial of his petition for habeas corpus. We address the question whether our opinion in *United States v. Stearns*, 68 F.3d 328 (9th Cir.1995), expressed a new rule barred from application in the present matter by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We hold that *Stearns* did not express a new rule, rather it was an application of the rule in *Lozada v. Deeds*, 964 F.2d 956 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we reverse.

## I

### A

Petitioner pled guilty to second degree murder in a California Superior Court on October 13, 1993. At the plea hearing, petitioner was represented by a public defender. During the hearing the public defender wrote in her file "bring appeal papers." On March 24, 1994 petitioner attempted to file a notice of appeal which was rejected as untimely.

Petitioner filed a state court petition for a writ of habeas corpus on the ground that trial counsel was ineffective for failing to file a timely notice of appeal. Petitioner subsequently exhausted his state court remedies.

On July 27, 1995, petitioner filed a federal petition for habeas corpus. Respondent answered on November 17, 1995. The matter was referred to a magistrate judge, who held an evidentiary hearing on the limited issue of the credibility of petitioner's assertions that his state trial counsel promised to file a notice of appeal on his behalf.

After the hearing, the magistrate judge made the following findings: Petitioner "had little or no understanding" of what an appeal meant or the appeals process. Petitioner had not proved that his counsel had promised to file a notice of appeal. Petitioner did not consent to counsel's failure to file a notice of appeal. The magistrate judge considered whether our opinion in *Stearns* applied to petitioner's claims but ultimately concluded that petitioner was not entitled to relief under *Stearns* on the theory that *Stearns* stated a "new rule" which could not be applied retroactively under *Teague v. Lane*.

The district court adopted the magistrate judge's recommendation that the petition be denied. The court subsequently granted petitioner a certificate of probable cause and this timely appeal followed.

### B

We review de novo the denial of a § 2254 petition. *See Eslaminia v. White*, 136 F.3d 1234, 1236 (9th Cir. 1998). *Stearns*, 68 F.3d

at 329. The district court's factual findings are reviewed for clear error. *United States v. Cruz–Mendoza*, 147 F.3d 1069, 1072 (9th Cir.1998).

To establish ineffective assistance of counsel, a petitioner must prove that: (1) counsel's performance was ineffective and (2) the ineffective performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Stearns*, we held that failure to appeal after a plea agreement is ineffective assistance of counsel without a specific showing of prejudice. *Stearns*, 68 F.3d at 329–30. A petitioner "need only show that he did not consent to the failure to file." *Id.* at 330. The magistrate judge found that petitioner did not consent to the failure to file a notice of appeal. This finding, reviewed for clear error, resolves the application of *Stearns* in petitioner's favor.

## II

■ Resolution of the present matter hinges on whether we expressed in *Stearns* a "new rule" as defined by *Teague*. *Teague* requires a three-step analysis. First, the court must determine the date on which the petitioner's conviction became final. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). Second, it must "[s]urvey[ ] the legal landscape as it then existed," *Graham v. Collins*, 506 U.S. 461, 468, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993), to "determine whether a state court considering [the petitioner's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule … was required by the Constitution." *Saffle v. Parks*, 494 U.S. 484, 488, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). Finally, "if the court determines that the habeas petitioner seeks the benefit of a new rule, the court must consider whether the relief sought falls within one of the two narrow exceptions to nonretroactivity." *Lambrix v. Singletary*, 520 U.S. 518, ——, 117 S.Ct. 1517, 1524–25, 137 L.Ed.2d 771 (1997).

■ Those exceptions apply where either (1) "the rule places a class of private conduct beyond the power of the State to proscribe … or addresses a substantive categorical guarante[e] accorded by the Constitution;" or (2) the rule announces a "watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Graham*, 506 U.S. at 477–78, 113 S.Ct. 892 (internal quotations omitted). Watershed rules are those which are "central to an accurate determination of innocence or guilt." *Teague*, 489 U.S. at 313, 109 S.Ct. 1060. The exception is "meant to apply only to a small core of rules requiring observance of those procedures that … are implicit in the concept of ordered liberty." *Graham*, 506 U.S. at 478, 113 S.Ct. 892 (internal quotations omitted).

■ Steps one and three of the *Teague* analysis are clearly resolved in respondent's favor. *Stearns* postdates petitioner's case. Petitioner was sentenced on November 10, 1993, and had 60 days within which to file a notice of appeal. *Stearns* was filed on October 12, 1995. Additionally, *Stearns* does not fit under the narrow exceptions to *Teague* reserved for rules that go to the fundamental fairness of the adjudicative process.

The second element of the *Teague* analysis, however, requires reversal. A "new rule," as contemplated by *Teague*, is one which " 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or 'was not dictated by precedent existing at the time the defendant's conviction became final.' " *Snook v. Wood*, 89 F.3d 605, 612 (9th Cir.1996) (quoting *Teague*, 489 U.S. at 301, 109 S.Ct. 1060).

Stearns tracks our opinion in *Lozada v. Deeds*, 964 F.2d 956 (9th Cir.1992), which predates petitioner's conviction. In *Lozada*, we held that " 'prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was *without the petitioner's consent.*' " *Stearns*, 68 F.3d at 329 (quoting *Lozada*, 964 F.2d at 958) (emphasis in original). In *Stearns*, we reasoned that *Lozada* "would automatically demand reversal in this case, but for one distinction[:] The judgement in this case was entered after a plea rather than after a trial." *Id.* at 330. We conclude that *Stearns* was merely an application of the rule in *Lozada*. Petitioner does not rely on a new rule and his petition is not barred by *Teague*.

## III

The district court is instructed to issue a conditional writ releasing Ortega from state custody unless the state trial court vacates and reenters petitioner's judgment of conviction and allows a fresh appeal. We REVERSE and REMAND.