BYBEE, Circuit Judge,
concurring:
I concur in Judge Nelson’s njajority opinion that our prior decision in United States v. Kwan, 407 F.3d 1005 (9th Cir.2005), did not create a new rule under Teague. For reasons Judge Nelson explains, the duty under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 .(1984), not to make affirmative misrepresentations (whatever their subject matter) is not “new.” But in my view, we should reverse the district court for an independent reason, one that I find even more compelling than applying Teag-ue: We granted coram nobis relief in Kwan, and Chan’s coram nobis petition is on all fours with Kwan. This case is governed by stare decisis.
In order to grant coram nobis, we must find the error alleged to be “of the most fundamental character, that is, such as [would] render[ ] the proceeding itself invalid.” Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987) (internal quotation marks omitted) (quoting United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)). When we granted coram nobis relief to Kwan, we determined that counsel’s affirmative misrepresentation regarding Kwan’s immigration consequences constituted an “error ... of the most fundamental character.” Kwan, 407 F.3d at 1011-12 (quoting Estate of McKinney ex rel. McKinney v. United States, 71 F.3d 779, 781-82 (9th Cir.1995)). The Supreme Court has held that such fundamental errors exist only in “ ‘extraor *1159 dinary’ cases presenting circumstances compelling its use ‘to achieve justice.’ ” United States v. Denedo, 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954)).[1] If an error-is so fundamental as to warrant coram nobis relief, doesn’t that mean that the principle is not new? Or put differently, is a finding of “fundamental error” for coram nobis purposes automatically “not-new” for Teague purposes because of its fundamental status? I think the answer to both questions must be yes.
Under Teague, a case “announces a new rule if the result was not dictated by precedent existing at the time the defendant’s conviction became final.” Teague v. Lane, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Such “a holding is not so dictated ... unless it would have been ‘apparent to all reasonable jurists’ ” at the time that the defendant’s conviction became final. Chaidez v. United States, — U.S. -, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013) (quoting Lambrix v. Singletary, 520 U.S. 518, 527-528, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997)). It seems obvious to me that an error of such fundamental character as to warrant coram nobis relief is one that all reasonable jurists would agree is an error.
Although I think the principle is obvious, neither the Supreme Court nor we have spoken to whether we must apply Teague where the case establishing the rule was an action in coram nobis. Cf id. at 1106 n. 1 (assuming without deciding that there was no meaningful difference between a coram nobis petition and a habeas petition in determining whether Padilla had retroactive effect under Teague). In Chaidez, the Court decided whether a prior, non-coram nobis case applied retroactively for the benefit of the coram nobis petitioner. Id. at 1106, 1110-11. In that case, using Teague to decide whether the error was so obvious to be “fundamental” makes sense. By contrast, here we have a coram nobis petitioner seeking to use a prior coram nobis case retroactively for her own relief.
Chan’s case is distinguishable from the principal decision noted by the dissent, Ortega v. Roe, for the same reason. See Dissent at 1163. In Ortega (a 28 U.S.C. § 2254 habeas and pre-AEDPA case), we considered whether a habeas petitioner could rely on our decision in United States v. Stearns (a § 2255 case) for his own habeas relief, and we conducted a Teague analysis of Stearns. Ortega v. Roe, 160 F.3d 534, 535-36 (9th Cir.1998) (citing United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995)), vacated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). It makes sense that we would conduct a Teague analysis in Ortega because Steams treated the Sixth Amendment question before it as a straight-up Strickland question. In Steams, we did not have to conclude that the petitioner’s proceedings exhibited an “error of the most fundamental character.” Accordingly, it makes sense to require a petitioner — whether proceeding under § 2254, § 2255, or coram nobis — who is seeking *1160 the benefit of a decision made retroactive in a prior habeas case, to satisfy Teague’s “new rule” analysis. But not so here. We have already held the error in Chan’s case to be “of the most fundamental character,” and it strikes me as illogical to require her to repeat the same arguments for the purposes of satisfying Teague. We need not use Teague to decide if we find an error to be “fundamental” when Kwan has already so concluded. This case turns out to be a straightforward application of stare decisis.
I would reverse the district court’s order dismissing Chan’s petition because we are bound by Kwan’s finding of “fundamental error” and its implicit holding that it was not creating a new rule under Teague.

. Historically, we have granted coram nobis relief only in very extreme and narrow circumstances. See, e.g., United States v. McClelland, 941 F.2d 999, 1001-02 (9th Cir.1991) (granting coram nobis relief where defendant had been convicted without proof beyond a reasonable doubt of an essential element of the offense); United States v. Walgren, 885 F.2d 1417, 1423-24 (9th Cir.1989) (finding fundamental error where Walgren’s mail fraud conviction rested upon a commission of fraud that was not criminal); Hirabayashi, 828 F.2d at 608 (granting coram nobis relief to vacate Hirabayashi’s convictions for failure to report under the Civilian Exclusion Order 57 and for a wartime curfew violation, convictions which were later deemed unjust by both the legislative and executive branches).