**Jewell Jess STONE, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Warden Arizona State Prison, Respondent-Appellee.**

No. 76–3702.

United States Court of Appeals, Ninth Circuit.

May 22, 1978.

Lawrence J. Lee of Shimmel, Hill, Bishop & Gruender, Phoenix, Ariz., for petitioner-appellant.

Bruce E. Babbitt, Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and BURNS,* District Judge.

MERRILL, Circuit Judge:

Appellant Stone, an Arizona state prisoner, has taken this appeal from order of the District Court for the District of Arizona denying, without evidentiary hearing, appellant's petition for writ of habeas corpus in which he challenges his imprisonment following conviction of state crime. The record is meager; the only transcript of state proceedings that is provided is that of the sentencing hearing. Beyond that appellant has attached to his petition a brief prepared by his counsel on his appeal from his conviction to the Arizona Supreme Court. Appellant's petition is based upon his contention that the sentence imposed was not in accordance with the plea bargain on the basis of which he pleaded guilty.

Appellant was charged with lewd and lascivious acts in violation of A.R.S. § 13–652. (At the sentencing hearing, in response to inquiry from the court, the district attorney advised that there were "approximately four charges" pending against appellant.) This crime carries a penalty of one to five years.

A plea bargain was reached. There is considerable dispute as to just what it was. Appellant contends that he was given to understand that in sentencing him only the evidence presented at a preliminary hearing would be used, and that the sentence would be in the range of two to three years. His counsel represented to the sentencing court that he had understood from the district attorney, and had advised appellant, that no further proceedings would be had prior to sentencing. The Supreme Court of Arizona in its opinion mentions the bargain. The court states:

"The record reveals that a plea bargain was entered into. A charge of lewd and lascivious acts in violation of A.R.S. § 13–652 was changed to child molesting. In addition, other serious charges against the defendant were either dismissed or agreed not to be filed."

*State v. Stone*, 111 Ariz. 62, 64, 523 P.2d 493, 495 (1974). The charge of child molesting carries a penalty of one year to life imprisonment. Parole is not allowed until service of the minimum sentence imposed. A.R.S. § 13–653; *State v. Rice*, 110 Ariz. 210, 213–14, 516 P.2d 1222, 1225–26 (1973).

On the basis of the plea bargain appellant pleaded guilty. We do not have the transcript of the proceedings had at the time the guilty plea was received. However, it would appear that in exchange for dismissal of charges carrying a maximum consecutive penalty of twenty years, appellant pleaded guilty to a charge with a potential sentence of life imprisonment without possibility of parole.

Prior to sentencing, the district attorney moved for an aggravation hearing. According to appellant and his counsel this was not in accordance with their understanding of the plea bargain. Appellant was not present at the hearing. He asserts that he did not even know about it until after it had been held. His counsel attended and there protested that holding of such a hearing was contrary to his understanding with the district attorney. We do not have a transcript of the hearing. No evidence was received at that time, but it appears that prior to it the judge may have had a conference with appellant's brother which may well have operated to appellant's prejudice and it is not clear whether either appellant or his counsel was present at that time. It appears from counsel's brief to the Arizona Supreme Court that a psychiatrist's report to the sentencing court had recommended that appellant be placed

---

* Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

on probation; that at the aggravation hearing the district attorney had made what counsel refers to as "an impassioned plea" for a severe sentence and had called the psychiatrist's report into question. Counsel for appellant stated in his brief: "All of the other charges which should have been cast aside were presented." Moreover, we are given to understand that the district attorney made reference to statements made by appellant's brother in a manner highly prejudicial to appellant.

The following day appellant appeared for sentencing. At that time he moved to withdraw his guilty plea, stating:

"My understanding was that only the evidence presented at the preliminary hearing at Tolleson would be used in this case and nothing else considered. It hasn't been that way at all. All the evidence has been brought out that would have been through a trial. I think I have been railroaded into this guilty plea and I wish to withdraw it."

The motion to withdraw was denied. The court stated that no facts had been disclosed in argument at the aggravation hearing that the court was not already aware of through a presentence report. Appellant was sentenced to a minimum of seventy-five years and a maximum of eighty years imprisonment. Thus, by pleading guilty and thereby saving the state the time and cost of trial, appellant has suffered a sentence nearly four times as great as that he would have received had he pleaded not guilty, stood trial, been convicted on all four charges and had been sentenced to the maximum on all counts with the sentences to run consecutively. Further, the minimum sentence of seventy-five years must be served before appellant is eligible for parole. If this was indeed pursuant to plea bargain it was a strange bargain.

An appeal was taken to the Arizona Supreme Court which first remanded to the trial court for a hearing to determine whether the aggravation hearing and subsequent sentencing were in violation of the plea bargain. The trial court found that the guilty plea had been entered into voluntarily, and that there was no breach of plea bargain. We do not have a transcript of that hearing.

The Supreme Court affirmed appellant's conviction, holding that his presence was not required at the aggravation hearing under Arizona law and that the hearing had not prejudiced him; that he had failed to establish that his sentence was contrary to plea bargain.

■ Having exhausted state remedies, appellant filed a petition for writ of habeas corpus with the district court. The writ was denied without hearing and this appeal followed. The district court, in denying the writ, ruled that under Arizona law it lies within the discretion of the trial court to permit or deny withdrawal of a guilty plea and that the court's exercise of discretion is not subject to review. We cannot accept this ruling without further examination of the circumstances. State law must give way when the United States Constitution has something contrary to say on the subject, as it has here. Due process requires that withdrawal of the guilty plea be granted where it was not knowingly and intelligently entered or where it was entered pursuant to a plea bargain that the state thereafter failed to keep. *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■ The state courts have found against appellant on both points and those findings are presumably correct. 28 U.S.C. § 2254(d). The presumption can be overcome, however, by showing that material facts were not adequately developed, 28 U.S.C. § 2254(d)(3), or that the factual determinations were not fairly supported by the record, § 2254(d)(8). The meager record provided by appellant could hardly be said to have made either showing. However, the sequence of events cannot but raise doubts as to the sufficiency of the state findings. If the legal issues presented by appellant's claim are to be reached, certain questions require answer:

1. What *was* the plea bargain? If, in truth, appellant did bargain away a potential maximum of twenty years for a potential life sentence without possibility of parole, what, if any, assurances did he receive in return if they were not those he asserted in support of his motion to withdraw his guilty plea?

2. If the bargain was, in truth, what the state courts have found it to be, did appellant fully understand what it was that he was agreeing to?

3. Was the bargain kept by the state? An agreement to dismiss charges other than the one pleaded to would seem implicitly to include an agreement not to base sentence on the facts on which the dismissed charges were based. Here, either through the device of an aggravation hearing or through court reliance on information contained in a presentence report, it would appear that the dismissed charges in effect were all reinstated for purposes of determining weight of sentence. Was this pursuant to the plea bargain? Did appellant so understand it?

4. Was there a conference between the sentencing judge and appellant's brother prior to the aggravation hearing? If so, what occurred there? Was appellant or his counsel present?

5. Did appellant receive notice of the aggravation hearing and the issues at the hearing?

6. Was there a knowing and intelligent waiver of appellant's presence at the aggravation hearing?

7. Was there a knowing and intelligent waiver of any violations of plea bargain?

The threshold issues for the district court are whether these questions were addressed by the state courts upon facts adequately developed at full and fair hearings, and whether the answers reached were fairly supported by the record. We feel that appellant should have the opportunity to supplement the present record with transcripts of state proceedings in order to enable the district court to deal with those issues. If, in the judgment of the district court, the answers to these threshold issues are in the negative, then an evidentiary hearing must be granted appellant so that findings can be made by the district court upon the questions posed. The court should give consideration to the further question whether appellant should have the assistance of counsel.

The order denying appellant's petition for writ is vacated and the matter is remanded for further proceedings.