990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Larry RYALS, Jr., Petitioner-Appellant,
v.
George INGLE, Respondent-Appellee.
 No. 92-15776.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Larry Ryals, Jr., a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Ryals raises several contentions in his petition. First, he contends that his confession of oral copulation with a child under 14 was coerced because he was threatened by the arresting officer. This contention is without merit.
 
 
 4
 To show that a confession was involuntary, a defendant must demonstrate that the government obtained the statement through physical or psychological coercion, or by improper inducement "such that the defendant's will was overborne." Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990), cert. denied, 112 S.Ct. 161 (1991). The alleged coercive conduct must be causally related to the confession, such that there is a "link between coercive activity of the state, on the one hand, and a resulting confession by a defendant, on the other." Colorado v. Connelly, 479 U.S. 157, 165 (1986).
 
 
 5
 Ryals has not shown a causal link between the threat he allegedly received and his confession. Ryals claims that the officer who arrested him threatened to shoot him if he ran after the officer removed his handcuffs. Ryals later confessed to the crime. However, Ryals has not shown any relationship between this alleged threat and his later confession. In fact, Ryals has indicated that he claimed to have committed the crime in order to protect his son. Because no causal link has been shown, the district court did not err in finding that the confession was not coerced. See Connelly, 479 U.S. at 164-65.
 
 
 6
 Second, Ryals contends that he was denied the effective assistance of counsel. This contention is without merit.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986); Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.
 
 
 8
 Ryals argues that he would not have pleaded guilty if he had not received bad advice from counsel. However, Ryals also states that he told the public defender he was guilty of the crimes charged in order to protect his son, the actual perpetrator. He indicates that it was not until after he pleaded guilty that he decided to assert his innocence. Because Ryals was intent on pleading guilty, he cannot show prejudice resulting from any alleged errors of counsel. Id. at 59-60.
 
 
 9
 Third, Ryals contends that he was denied the right to appeal his conviction because he was not able to contact counsel to arrange an appeal. This contention is procedurally barred.
 
 
 10
 The federal courts may not review a question of federal law decided by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). Federal habeas review is barred only if the state court's decision clearly and expressly relies on an independent and adequate state law ground. Id. at 2557. If the highest state court does not explain the reason for denying a claim, the federal court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). If an independent and adequate state procedural rule prevents a prisoner from presenting his federal claims to the state court, federal habeas review of the claims is barred unless the prisoner can show cause for his procedural default and actual prejudice resulting from the alleged federal violations. Coleman, 111 S.Ct. at 2565.
 
 
 11
 Ryals filed a petition in state court for relief from untimely filing of his notice of appeal. The California Court of Appeal denied his petition, stating that the notice of appeal was barred because it was untimely. The California Supreme Court denied his petition in a pro forma order. Because the last reasoned state court decision clearly and expressly relies on state procedural grounds, we find that Ryals has procedurally defaulted this claim. See Ylst, 111 S.Ct. at 2594. Further, Ryals has shown no cause for this procedural default. Accordingly, the district court did not err in dismissing this claim as procedurally barred.
 
 
 12
 Finally, Ryals contends that he should have been allowed to withdraw his guilty plea and go to trial because he is innocent. This contention is without merit.
 
 
 13
 Due process requires that a defendant be allowed to withdraw his guilty plea if the plea was not knowingly and intelligently entered. Stone v. Cardwell, 575 F.2d 724, 726 (9th Cir.1978). The trial court may accept a defendant's guilty plea even if the defendant asserts his innocence, if the evidence against the defendant substantially negates his claim of innocence and provides the trial court with evidence that the plea was intelligently entered. North Carolina v. Alford, 400 U.S. 25, 37-38 (1970).
 
 
 14
 Ryals contends that he should have been allowed to withdraw his guilty plea because he changed his mind about lying to protect his son. However, there was sufficient evidence of his guilt, including the statements of witnesses and Ryals' own confession, for the trial court to find that the guilty plea was knowingly and intelligently entered. See Alford, 400 U.S. at 37-38. Accordingly, the district court did not err in refusing to allow Ryals to withdraw his guilty plea.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3