996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Edward MACK, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 91-16033.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 21, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony E. Mack, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Mack pled guilty to fourteen counts of a thirty-six count indictment alleging rape and robbery. He was sentenced to life plus eight years. Mack contends that trial counsel was ineffective, that the prosecutor breached the plea agreement, and that his plea was not entered knowingly and voluntarily. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.
 
 Discussion
 A. Ineffective Assistance of Counsel
 
 3
 This court reviews de novo claims of ineffective assistance of counsel. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1992). A petitioner convicted on the basis of a guilty plea who raises an ineffective assistance of counsel claim must satisfy two elements. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner must demonstrate that his counsel's advice and conduct were not within the range of competence demanded of attorneys in criminal cases, and that, but for the ineffective advice of counsel, he would not have pleaded guilty and would have insisted on going to trial. Id.; Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986).
 
 
 4
 Mack raises several contentions regarding his claim that trial counsel was ineffective. He contends that trial counsel was merely "practicing law," that trial counsel coerced him into pleading guilty, and that trial counsel failed to file a timely appeal.[1]
 
 
 5
 Mack's contention that counsel coerced him into pleading guilty is based on an alleged conflict of interest between him and his counsel. The conflict consisted of trial counsel's persistent advice to plead guilty and Mack's alleged rejection of this advice. We reject this contention.
 
 
 6
 At best, the record shows a difference of opinion between Mack and trial counsel regarding strategy. A difference of opinion does not constitute a conflict of interest. See California v. Jones, 811 P.2d 757, 770 (Cal.1991) (differences of opinion on strategy do not constitute a conflict of interest), cert. denied, 112 S.Ct. 1491 (1992); see also United States v. Andrews, 790 F.2d 803, 811 (10th Cir.1986) (affirming a district court finding that difference of opinion as to pretrial tactics does not render counsel ineffective), cert. denied, 481 U.S. 1081 (1987). In fact, attorneys are effective only when they offer advice based on their own sound professional judgment, regardless of the advice the client prefers to hear.
 
 
 7
 Counsel persistently urged Mack to plead guilty and to accept a sentence of life plus eight years. The advice of counsel to plead guilty is within the range of advice expected from a competent attorney. See United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989). If Mack had proceeded to trial and been convicted, he faced the possibility of three life sentences plus eighty-nine years. The prosecution had a strong case, including a 52 page confession implicating Mack and his codefendants. Trial counsel explored the possibility of suppressing the confession with codefendants' counsel, and they agreed that there was little likelihood of success on the suppression motion. In light of the case against Mack as known to his counsel, counsel's advice that Mack plead guilty to lesser charges is advice regarding strategy. See Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986). As we find that counsel's advice to Mack was within the range of competence demanded of attorneys in criminal cases, we need not reach the question of whether he suffered prejudice.
 
 
 8
 Mack contends that trial counsel was ineffective because he failed to file a notice of appeal or to inform Mack of his right to appeal. In Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992), this court held that prejudice is presumed if it is established that counsel's failure to file a notice of appeal was without petitioner's consent. If such an absence of consent can be demonstrated, the petitioner may be entitled to a conditional writ ordering Mack's release from state custody unless California allows Mack to take a delayed appeal within a reasonable period of time. See id. Although the record contains a letter written by Mack's counsel stating that Mack did not ask him to file a notice of appeal, the record is silent on the questions of whether trial counsel informed Mack of his right to file an appeal and whether Mack consented to waiving his right to file an appeal.
 
 
 9
 As there is no evidence in the record as to whether Mack consented to waive his right to appeal, we remand for a determination of whether the failure to file the notice of appeal was without Mack's consent.
 
 B. Breach of the Plea Agreement
 
 10
 Mack contends that the prosecutor violated the plea agreement. If a defendant is induced to enter a plea of guilty based on a promise by the prosecutor, that promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). Plea agreements are interpreted under principles of contract law. United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 11
 Mack contends that, because he did not testify against his codefendants, which was a condition of the plea bargain, the prosecutor was required to declare a breach of the agreement and return him to the status quo ante, i.e., the preliminary hearing stage. Although a literal reading of the language of the agreement might suggest that result, principles of contract law render this contention meritless. See generally, Restatement (Second) of Contracts §§ 237 and 240; United States v. Cox, 985 F.2d 427, 430 & n. 1 (8th Cir.1993) (casting doubt on whether a breaching defendant could invoke the "void provision" of a plea agreement); Stone Forest Indus., Inc., v. United States, 973 F.2d 1548, 1552 (Fed.Cir.1992) (the choice of remedy generally lies with the non-breaching party). If Mack breached the agreement, the choice of remedy belonged solely to the prosecutor. See id. She could have sought to set aside the plea agreement and return Mack to the preliminary hearing stage or she could have chosen to ignore the breach. She chose to ignore the breach and proceed with the plea agreement.[2] Thus, we find no violation by the prosecutor of the plea agreement.
 
 C. Knowing and Voluntary Nature of Plea
 
 12
 Mack contends that his guilty plea was coerced by counsel and was not knowing or voluntary.[3] We disagree. This allegation is the mirror image of his claim that trial counsel was ineffective because Mack and his counsel differed on a question of trial strategy. The facts as Mack alleges them demonstrate only that counsel persistently urged Mack to accept a negotiated plea and not proceed to trial. Mack does not allege any facts which, if proven, would support his claim that he was coerced by counsel into pleading guilty. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989) (conclusory allegations are insufficient). At the plea hearing, the trial judge and defense counsel informed Mack of each of his constitutional rights, and he waived each of them on the record. We conclude that Mack's plea was entered voluntarily and knowingly.
 
 
 13
 Mack further contends that his plea was not knowing or voluntary because his I.Q. of 63 rendered him mentally incompetent to enter a guilty plea. Due process requires that a defendant be allowed to withdraw his plea of guilty if the plea was not entered knowingly and intelligently. Stone v. Cardwell, 575 F.2d 724, 726 (9th Cir.1978). Even if petitioner's I.Q. was 63, petitioner would not necessarily be entitled to relief. Cf. Derrick v. Peterson, 924 F.2d 813, 817-18 (9th Cir.1990) (petitioner's age and mental capacity are relevant to our due process inquiry only if we first conclude that there was coercion), cert. denied, 112 S.Ct. 161 (1991). Accordingly, the district court did not abuse its discretion in denying Mack's request for an evidentiary hearing on this issue.
 
 D. Other Claims
 
 14
 Mack contends that the trial court erred in refusing to permit him to withdraw his guilty plea because he was innocent of some of the counts to which he pled guilty. This contention is meritless as a question of federal constitutional law. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). A trial court may accept a defendant's guilty plea even if defendant asserts his innocence, if the evidence against defendant substantially negates his claim of innocence and the trial court is satisfied that the plea was intelligently entered. Id. Here, the trial court had before it a guilty plea entered under oath in open court and a stipulation as to the factual basis for the plea. Consequently, the trial judge did not err as a matter of federal constitutional law in refusing to permit Mack to withdraw his guilty plea.
 
 
 15
 Because we find that Mack's plea was knowingly and voluntarily entered, he is foreclosed from seeking federal habeas corpus relief on the basis of pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, we do not reach the issues of whether the police had probable cause to arrest him, whether the search and seizure incident to the arrest comported with the fourth amendment, whether his confession was obtained in violation of the fifth amendment, and whether his right to a speedy trial was violated.
 
 Conclusion
 
 16
 Because the record does not reflect whether trial counsel may have been ineffective by failing to file a notice of appeal without Mack's consent to waive his right to appeal, we reverse on this issue and remand to the district for further proceedings consistent with this opinion. See Lozada, 964 F.2d at 958-59. We affirm the district court's order as to the remainder of Mack's claims.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We summarily dispose of Mack's claim that trial counsel was merely practicing law. The word "practice" in this context means "to be professionally engaged in." See Webster's Ninth New Collegiate Dictionary, p 923. As all lawyers "practice" law, we find no merit to the claim of ineffective assistance of counsel on this ground
 
 
 [2]
 Mack alleges that there was a secret off-the-record agreement to sentence him to the custody of the California Youth Authority. Under oath and in open court, Mack swore that, other than the agreement on the record and a promise of protective custody, there were no promises made in consideration for his guilty plea. Mack's own attorney wrote a letter stating that he told Mack that neither the prosecutor nor the trial judge would consider placing him in the custody of the CYA. Given these facts, the district court did not abuse its discretion in denying Mack's request for an evidentiary hearing on this issue. See Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991)
 
 
 [3]
 Mack's motion to expand the record to include an affidavit by his grandmother is granted