**Edward L. PELTIER, Petitioner–Appellant,**

v.

**Larry WRIGHT, Warden, Respondent–Appellee.**

No. 92–36988.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 1993.*

Decided Feb. 1, 1994.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Edward L. Peltier, pro se.

Douglas A. Werth, Deputy Attorney General, Boise, ID, for the respondent-appellee.

Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.

## OPINION

CHOY, Circuit Judge:

██ Peltier appeals pro se the district court's dismissal of his petition for writ of habeas corpus. His petition alleges that the imposition by the Idaho state court of a sentence of twenty years imprisonment upon revocation of his probation violated his right under the fifth and fourteenth amendments against being placed twice in jeopardy for the same offense. We review the denial of a petition for habeas corpus de novo. *Marsh v. Taylor*, 925 F.2d 1131, 1133 (9th Cir.1991).

His claim stems out of the fact that at the time Peltier pleaded guilty, the state court judge granted Peltier a withheld imposition of judgment, and placed him on probation for five years. At that time, Peltier also was ordered to immediately spend sixty days in the county jail. The order which the state court filed imposing this judgment contained language which could be construed as inconsistent with the granting of withheld judgment, being more consistent with the imposition of a sentence. However, at oral sentencing, the judge clearly indicated that he was withholding imposition of judgment, and that if the terms of parole were violated, Peltier could be sentenced to any term allowed for the initial violation, which was up to life in prison.

Peltier was later found guilty of violating his parole, and sentenced to twenty years imprisonment, all of which was suspended except for the first eleven months, after which he was again placed on probation. However, Peltier again violated probation, and was subsequently ordered to serve the remainder of the twenty year sentence.

██ Peltier argues that when the state judge originally ordered five years probation and that he be held in county jail for sixty days, this constituted a sentence, rather than the withholding of imposition of judgment. However, the Idaho Supreme Court reviewed this issue and found that Peltier's judgment was initially withheld, notwithstanding any inconsistency in the written order. In addition, it found that the sixty days spent in county jail was a condition of the probation, rather than part of a sentence. Idaho's interpretation of whether the state judge's order constituted a withholding of judgment or a sentence is a question of state law. "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. It is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985) (citations omitted), *cert.*

*denied,* 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). Furthermore, "state courts are the ultimate expositors of state law," and we are bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue. *Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). There is no such subterfuge here, therefore we must accept the Idaho Supreme Court's interpretation that the original order constituted a withholding of judgment, and that the sixty days spent in county jail constituted a condition of Peltier's probation.

█ The question remains as to whether the Idaho court can withhold judgment and impose five years probation, which includes sixty days in the county jail as a condition of that probation, then upon violation of probation sentence Peltier to twenty years imprisonment without running afoul of the double jeopardy clause of the Constitution. Because we have previously indicated that such a sentencing scheme is constitutional when instituted by the federal courts under federal law, we hold that Idaho's actions with respect to Peltier were constitutional.

First, in *United States v. Clayton,* 588 F.2d 1288 (9th Cir.1979), we found that a judgment of five years probation with a condition of that probation being that Clayton serve ninety days on consecutive weekends in a jail-type institution was legal. "This is a legal sentence within the discretion of the court, and when Clayton violated the condition of probation, the court upon revocation of probation could impose the sentence it might originally have imposed, 18 U.S.C. § 3653, even if more severe than the original sentence." *Id.* at 1291. In *Clayton,* the original judgment imposed a six year sentence, which was suspended on the condition that Clayton serve five years probation, along with ninety days of weekends in a jail-type institution. Peltier's case is not entirely analogous, in that rather than ordering a sentence and then suspending it, the Idaho judge withheld imposition of judgment, and instead ordered probation. However, the dictum in *Clayton,* that the court could impose "the sentence it *might* originally have imposed, ... even if more severe than the original sentence," 588 F.2d at 1291 (empha-

sis added) indicates that the imposition of a sentence after suspension of judgment is permissible, even if the defendant had served time as a condition of probation.

In addition, the United States Supreme Court has held it constitutional for the federal courts under 18 U.S.C. § 725 (1934), the predecessor to 18 U.S.C. § 3653, to suspend the imposition of a sentence pending probation, leaving the sentencing court free to impose any sentence it originally might have imposed upon revocation of probation. *Roberts v. United States,* 320 U.S. 264, 271, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943). *See also United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir.1980) (approving of the suspension of imposition of sentence followed by imposition of any sentence originally possible following revocation of probation under § 3653). If it is not unconstitutional for the federal courts to impose such a sentencing scheme, it is not unconstitutional for the Idaho court to do so. Therefore, no error was committed by the district court in dismissing Peltier's petition for writ of habeas corpus.

AFFIRMED.