83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony FISHER, Petitioner-Appellant,
v.
Lewis N. JONES, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55851.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Fisher appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for robbery with personal use of a firearm. Fisher contends that the district court erred because the state trial court violated his due process and equal protection rights by: (1) sentencing him to the full term for his robbery conviction; (2) enhancing his sentence for committing robbery while released from military confinement; and (3) enhancing his sentence with a prior rape conviction from a Navy general court-martial proceeding. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Federal habeas relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996) (citing Estelle v. McGuire 502 U.S. 62, 67-68 (1991)); Peltier v. Wright, 15 F.3d 860, 861 (9th Cir.1994). Because state courts are the ultimate expositors of state law, we are bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. See Bonin, 59 F.3d at 841; Peltier, 15 F.3d at 862 (quotations omitted). Thus, issues involving state sentencing errors are generally not cognizable on federal habeas review, unless the petitioner claims a deprivation of due process or equal protection due to the misapplication of the sentencing law. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir.1993), cert. denied, 115 S.Ct. 290 (1994); Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir.1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 I. Full Term
 
 4
 Fisher contends that his sentence should be reduced pursuant to California Penal Code § 1170.1(a), because he was convicted of two felonies and given a consecutive sentence. The aggregate term of imprisonment for a defendant who is convicted of two or more felonies under California law, and receives a consecutive term of imprisonment, is the maximum term for the principal conviction plus one-third of the middle term for each consecutive offense. See Cal.Penal Code § 1170.1(a) (Deering Supp.1996).
 
 
 5
 We decline to review Fisher's sentencing claim because the state court has determined that § 1170.1(a) is inapplicable in cases involving a non-California sentence, and we are bound by its interpretation. See People v. Veasey, 159 Cal.Rptr. 755, 760 (Cal.Ct.App.1979) (court determined that § 1170.1(a) only applies where both convictions resulted from California convictions); Bonin, 59 F.3d at 841. Moreover, the state court's failure to apply the provision in Fisher's case was not arbitrary or fundamentally unfair. See Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 1026 (1982).
 
 II. Pretrial Release
 
 6
 Fisher argues that he should not have received a two-year sentence enhancement because California Penal Code § 12022.1 does not apply when a defendant commits a California offense while on release from military or federal court. When a second felony offense is committed while the defendant is released on bail or his own recognizance for the primary felony offense the defendant's sentence is enhanced by two years. See Cal.Penal Code § 12022.1 (Deering 1992).
 
 
 7
 On direct appeal, the California Court of Appeals determined that § 12022.1 is applicable to Fisher's release from military confinement. Again, the state court has interpreted its law in a fundamentally fair manner. Thus, we decline to review Fisher's second sentencing claim, since it involves interpretation and application of state law, and does not raise a federal question. See Bonin, 59 F.3d at 841; see also Cooks, 660 F.2d at 739.
 
 III. Sentence Enhancement
 
 8
 Fisher argues that use of his Navy general court-martial rape conviction to enhance his sentence violates due process and equal protection, because the rules of criminal procedure in a military court-martial do not offer the same constitutional protections as those in civilian state court.
 
 
 9
 Prior convictions from foreign jurisdictions can be used to enhance a defendant's sentence if the prior conviction contains all of the elements of any serious felony under California law. See Cal.Penal Code § 667(a) (Deering Supp.1996). The California Supreme Court has determined that differences in procedural protections are irrelevant when using a conviction from a foreign jurisdiction to enhance a defendant's sentence, "as long as the guilt ascertainment process in the foreign jurisdiction is not in and of itself constitutionally flawed...." People v. Andrews, 776 P.2d 285, 299 (Cal.1989), cert. denied, 494 U.S. 1060 (1990). Additionally, we have determined that convictions resulting from court-martial proceedings qualify as "prior convictions" and may be used to enhance a federal sentence without violating due process and equal protection, See United States v. MacDonald, 992 F.2d 967 (9th Cir.1993) (affirming defendant's conviction as a felon in possession of a firearm based on court-martial conviction for military offenses that were not civilian crimes); United States v. Locke, 918 F.2d 841 (9th Cir.1990) (no equal protection violation where defendant's court-martial conviction used to enhance his civilian sentence, and sentencing guidelines allowed consideration of court-martial convictions in calculating criminal history points).
 
 
 10
 Fisher concedes that the court-martial proceeding was constitutional and that the statutory elements for rape are the same under the Uniform Code of Military Justice and the California Penal Code. Moreover, he does not challenge the fundamental fairness of the state trial court proceedings. Neither the Constitution nor any other federal law specifically protects against the use of court-martial convictions to enhance civilian prison sentences. See Featherstone, 948 F.2d at 1500. Thus, Fisher's rights to due process and equal protection were not violated. Id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3