97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher S. ALDRIDGE, Petitioner-Appellant.
v.
D.R. HILL; Attorney General of the State of California,
Respondents-Appellees.
 No. 95-55841.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1996.*
Decided Sept. 13, 1996.
 
 Before: D.W. NELSON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Aldridge appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition in which Aldridge challenged his 1987 plea conviction and two life sentences for kidnapping and other crimes. The state court approved a plea agreement imposing a sentence of eleven years and ten months if Aldridge appeared for sentencing. However, Aldridge failed to appear to appear for sentencing and, pursuant to a specific provision of the plea agreement, the court imposed a life sentence.
 
 
 3
 Aldridge challenges the constitutionality of the plea agreement and claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights.
 
 
 4
 The parties are familiar with the facts of the case and we will not discuss them further.
 
 DISCUSSION
 I. INTRODUCTION
 
 5
 Federal habeas relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996); Peltier v. Wright, 15 F.3d 860, 861 (9th Cir.1994). Because state courts are the ultimate expositors of state law, this court is bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. See Bonin, 59 F.3d at 841; Peltier, 15 F.3d at 862.
 
 
 6
 Several of Aldridge's claims raise only state law issues, and thus we do not consider them: (1) Aldridge's claim that the return clause violated the California constitution; (2) Aldridge's claim that the return clause was a separate crime punishable under California Criminal Penal Code § 1320; and (3) Aldridge's claim that California Penal Code § 1192.5 required the court to inform him that the court could withdraw its approval of the agreement and that if the court exercised this option, Aldridge would have the opportunity to withdraw his plea.[1]
 
 
 7
 Because we affirm the district court judgment denying relief, we also make no determination of the applicability of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, which, if applicable, would restrict available relief.
 
 
 8
 II. THE CONSTITUTIONALITY OF ALDRIDGE'S PLEA BARGAIN
 
 
 9
 Contrary to Aldridge's claim, we find that the plea bargain was not involuntary. The return clause was not inserted by the judge but was a part of the plea agreement negotiated between the prosecutor and the defense. The judge merely discussed the clause with Aldridge to ensure that Aldridge understood its implications. The verbal exchange in which the judge discussed the return clause with Aldridge during the plea colloquy did not amount to mental coercion that overbore Aldridge's will. See Iaea v. Sunn, 800 F.2d 861, 866-68 (9th Cir.1986).
 
 
 10
 We further decline to grant relief on Aldridge's allegation that the state court judge failed to inform Aldridge of his right to appeal. First, under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), relief can be granted only if the right asserted was clearly established at the time Aldridge's conviction became final. No constitutional right existed in this circuit at the time Aldridge's conviction became final which imposed a duty on state court judges to inform defendants entering into a plea agreement of their right to appeal. Second, consistent with several other circuits, no such federal requirement exists even now in the Ninth Circuit. See Gairson v. Cupp, 415 F.2d 352, 353 (9th Cir.1969); Moore v. Hinton, 513 F.2d 781, 783 (5th Cir.1975); Barber v. United States, 427 F.2d 70, 71 (10th Cir.), cert. denied, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970); United States ex rel. Green v. Pate, 411 F.2d 884, 888-89 (7th Cir.1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 510 (1970), cited in United States v. Frazier, 705 F.2d 903, 908 n. 8 (7th Cir.1983); contra United States ex rel. Smith v. McMann, 417 F.2d 648, 654 (2d Cir.1969) (en banc), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).
 
 
 11
 We further find no constitutional violation in the use of the return clause. The constitutional validity of a plea agreement rests on whether the defendant freely and intelligently consented to it, and whether the state upheld its end of the bargain. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); see United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). The state court judge did not proceed with the guilty plea colloquy until the agreement had been repeated by both the court and a prosecutor. The trial judge specifically asked and Aldridge confirmed that he understood the plea agreement to include the return clause, and Aldridge indicated that he still wished to enter the plea. Thus, review of the record indicates that Aldridge reasonably believed and understood that the plea agreement included the return clause.
 
 
 12
 Finally, we find no merit to Aldridge's claim that he should have been able to withdraw his plea when the court sentenced him to more than the eleven year, ten month sentence agreed to if Aldridge had appeared for sentencing. Due process requires that a defendant be allowed to withdraw a guilty plea when the guilty plea is not voluntary and intelligent, or when the government breaches the plea agreement. Stone v. Cardwell, 575 F.2d 724, 726 (9th Cir.1978). As discussed supra, the record clearly indicates that the guilty plea was voluntary and intelligent, and the government did not breach the plea agreement.
 
 
 13
 III. THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM
 
 
 14
 Aldridge contends that he received ineffective assistance of counsel because (1) his regular attorney sent a substitute attorney who was unfamiliar with Aldridge's case to the July 9, 1987 sentencing hearing; (2) his attorney failed to investigate or offer proof at the December 24 hearing that Aldridge had not recovered from his gunshot wound in time to attend the July 9 hearing; and (3) his counsel failed to object to the imposition of the two life sentences.
 
 
 15
 To succeed on an ineffective assistance of counsel claim, a defendant must show both that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, 104 S.Ct. at 2068. See Siripongs v. Calderon, 35 F.3d 1308, 1313-14 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1175, 130 L.Ed.2d 1127 (1995). If the defendant fails to allege facts showing prejudice, the reasonableness of counsel's actions is inconsequential. See Hill v. Lockhart, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985).
 
 
 16
 Aldridge fails to prove the prejudice prong of the Strickland test for his first two allegations. His first allegation is unsuccessful because the medical records which Aldridge attached to his petition to the district court fail to suggest that Aldridge's medical condition would have prevented him from appearing in court on July 9, 1987. Aldridge's own statement at sentencing indicates that he was able to but did not appear because he feared inadequate medical care. Thus, Aldridge has not demonstrated a reasonable probability that his sentence would have been different but for the lack of an investigation into the reasons for Aldridge's nonappearance.
 
 
 17
 His second allegation likewise fails. Aldridge's case had already been continued at least three times stretching from March to July. Given Aldridge's failure to appear at the July 2, 1997 hearing and the lack of any meritorious excuse for his failure to appear at the July 9, 1987 hearing, it does not appear reasonably probable that the court would have reached a different result if Aldridge's regular counsel had been present at the July 9, 1987 hearing. The declaration by Malcolm MacMillan, Aldridge's counsel in the trial court, does not change this finding, because MacMillan fails to articulate any reasons for his belief "that had I been present I would have been successful in securing either a further holding of the warrant, or to have secured [sic] the presence of ALDRIDGE in court as the case may be." MacMillan Declaration at 2.
 
 
 18
 Aldridge's third claim regarding ineffective assistance of counsel fails both prongs of the Strickland test. As discussed supra, we find no constitutional error in the court's enforcement of the plea agreement. Thus, the failure of counsel to object to the court's implementation of the plea agreement at the December 24 sentencing did not fall below "an objective standard of reasonableness" under Strickland. Further, counsel made reasonable efforts to ask the court for leniency at the December 24 sentencing. Mr. MacMillan asked the court to impose the eleven year, ten month sentence and suggested that perhaps a year could be added for failure to appear. He informed the court that he had been unavailable July 9, in case Aldridge had attempted to contact him. MacMillan also pointed out that the police report verified that Aldridge had received medical treatment. Aldridge fails to show what more counsel could or should have done. Finally, Aldridge fails to demonstrate a reasonable probability that an objection would have produced a different result.
 
 
 19
 This court requested additional briefing on the issue of counsel's alleged failure to inform Aldridge of his right to direct appeal. Aldridge, however, concedes that this issue is not properly before this court. "Petitioner, at this time, wishes to concede that the issue has not been properly been [sic] brought before this court and has not been exhausted through the state courts of California." Letter Brief of August 7, 1996 at 1.
 
 
 20
 In accordance with Aldridge's concession, we do not consider this issue further. We make no findings as to whether this issue was exhausted in state court or whether this issue was properly raised before this court.
 
 IV. CONCLUSION
 
 21
 The judgment of the district court is AFFIRMED. Aldridge's motion of the court to take judicial notice of MacMillan's declaration is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that even had Aldridge legitimately implicated a federal right under California Penal Code § 1192.5, Aldridge would not prevail on this claim. First, Aldridge would face the Teague problem. See Teague discussion infra. Second, Aldridge argues from the incorrect assumption that the court amended the plea agreement at the December 24 hearing by imposing the two life sentences without allowing Aldridge to withdraw his plea. The judge, however, did not amend the plea agreement or withdraw his approval of the original agreement in any way. He merely implemented the plea agreement as it was agreed to on March 10, 1987. Where a plea agreement is fully implemented by a court, § 1192.5 does not apply. See People v. Gonzalez, 16 Cal.Rptr.2d 635, 639 (Cal.Ct.App.1993)