122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirzadi KASHANNEJAD, Plaintiff-Appellant,
v.
James H. GOMEZ; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Aug. 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-02247-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shirzadi Kashannejad, a former California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition challenging his four-year sentence for second degree burglary and grand theft. Kashannejad contends that the district court erred by dismissing his petition, because the state court violated his due process and equal protection rights when it used a non-final prior conviction to enhance his sentence. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.
 
 
 3
 Kashannejad contends that the state court violated his due process rights when it enhanced his sentence pursuant to California Penal Code § 667.5(b), even though direct appeal of his conviction was pending.
 
 
 4
 Federal habeas relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Peltier v. Wright, 15 F.3d 860, 861 (9th Cir.1994). Because state courts are the ultimate expositors of state law, we are bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. See Bonin, 59 F.3d at 841; Peltier, 15 F.3d at 862 (quotations omitted). Thus, issues involving state sentencing errors are generally not cognizable on federal habeas review, unless the petitioner claims a deprivation of due process or equal protection due to the misapplication of the sentencing law. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir.1993), cert. denied, 115 S.Ct. 290 (1994); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 5
 Here, the district court dismissed Kashannejad's petition with prejudice because he failed to raise a cognizable federal claim. Kashannejad argues that the state court acted arbitrarily and unfairly when it used his prior prison terms to enhance his present sentence because his prior prison terms did not constitute a "conviction" for purposes of section 667.5(b). Because Kashannejad challenges the application of state law and seeks an interpretation of the word "conviction" as it pertains to section 667.5(b), we decline to review state sentencing claims. See Fetterly, 997 F.2d at 1300; Miller, 868 F.2d at 118-119. Accordingly, the district court did not err by dismissing Kashannejad's petition. See Duckett, 67 F.3d at 739.
 
 
 6
 Kashannejad also contends that his equal protection rights were violated because, as an indigent inmate, he was unable to post bail and reap the benefits of California Penal Code § 12022.1. We decline to address this contention because section § 12022.1 is inapplicable. Moreover, Kashannejad did not raise the issue before the district court. See Swan v. Peterson, 6 F.3d 1373, 1383 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3