Michael Eugene ASHBY, Petitioner—Appellant,

v.

Alice PAYNE, Respondent—Appellee.

No. 06–35281.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Eugene Ashby, Monroe, WA, pro se.

Donna H. Mullen, Esq., Office of the Washington Attorney General (Olympia), Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Washington state prisoner Michael Eugene Ashby appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Ashby contends that the district court erred by dismissing his petition under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Although Rule 9(a) was repealed before Ashby filed his § 2254

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition, *see Advisory Comm. Notes to 2004 Amendments,* we may affirm on any ground supported by the record, *see Buckley v. Terhune,* 441 F.3d 688, 694 (9th Cir.2006). We conclude that the claims Ashby raises in his habeas petition and in his opening brief lack merit.

█ In his § 2254 petition, Ashby claimed that the Pierce County Jail's denial of earned early release credits violated his due process rights. The Washington Supreme Court denied relief because Ashby could not establish that the denial of credits was erroneous. We conclude that this decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(2).

█ We also conclude that Ashby has failed to state a cognizable equal protection claim based on the denial of credits because his allegations are conclusory and he has not provided sufficient facts to support them. *See McQueary v. Blodgett,* 924 F.2d 829, 834–35 (9th Cir.1991).

█ We further conclude that the district court did not abuse its discretion by denying Ashby's request for an evidentiary hearing because the record refutes his factual allegations. *See Schriro v. Landrigan,* 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).

█ Ashby's contention that the denial of credits violated his rights protected by the Washington State Constitution is not cognizable in federal habeas proceedings.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*See Peltier v. Wright,* 15 F.3d 860, 861–62 (9th Cir.1994).

█ Finally, Ashby's challenge to the Washington Court of Appeals' ruling on costs is not cognizable because it does not relate to the lawfulness of his custody. *See* 28 U.S.C. § 2254(a); *United States v. Thiele,* 314 F.3d 399, 401–02 (9th Cir.2002).

**AFFIRMED.**