**Robert W. PORTER, Jr., Petitioner—Appellant,**

v.

**Derral G. ADAMS; et al., Respondents—Appellees.**

**No. 07–15646.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 24, 2008.

R.App. P. 34(a)(2).

Robert W. Porter, Jr., COSP–SATF California Substance Abuse Treatment Facility Corcoran Facility, Corcoran, CA, for Petitioner–Appellant.

Daniel J. Kossick, Daniel J. Kossick, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Robert W. Porter, Jr. appeals pro se from the district court's judgment denying his 28 U.S.C.

§ 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Porter contends that prison disciplinary proceedings, which resulted in a loss of time credits, violated his due process rights because the hearing officer: (1) denied his request to call witnesses at the hearing; and (2) did not provide an explanation for doing so. This contention lacks merit. *See Wolff v. McDonnell,* 418 U.S. 539, 566–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *see also Ponte v. Real,* 471 U.S. 491, 497, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985).

Porter also contends that the disciplinary proceedings violated his due process rights because the hearing officer impermissibly based the decision on his race. We conclude that "some evidence" supports the hearing officer's decision, and that Porter has not alleged any facts that establish the hearing officer based the decision on racial bias. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see also Bostic v. Carlson,* 884 F.2d 1267, 1271 (9th Cir.1989).

Porter next contends that the disciplinary proceedings violated his due process rights because the hearing officer failed to conduct a bona fide evaluation of the reliability of evidence provided by confidential sources. The record belies this contention.

We also reject Porter's due process challenge based on the alleged failure of the investigative employee assigned to him to assist him in good faith. *See Wolff,* 418 U.S. at 570, 94 S.Ct. 2963 (extending a due process right to assistance during disciplinary proceedings only where an inmate is illiterate or the issues are complex).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, Porter has failed to demonstrate that the California Superior Court's decision denying his federal due process claims was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

To the extent that Porter also contends that any of the above-mentioned deficiencies deprived him of his rights under California law, such contentions are not reviewable in federal habeas proceedings. *See Peltier v. Wright,* 15 F.3d 860, 861 (9th Cir.1994).

Finally, we deny Porter's request for an evidentiary hearing because he has not set forth any specific facts that, if proven, would entitle him to relief. *See Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003).

**AFFIRMED.**