**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ISAIAS LOPEZ NUNEZ,

        Petitioner - Appellant,

  v.

MARTIN GAMBOA,

        Respondent - Appellee.

No. 23-2562

D.C. No.
3:21-cv-02046-JES-SBC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
James E. Simmons Jr., District Judge, Presiding

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

    Isaias Lopez Nunez appeals the district court's order denying his 28 U.S.C.

§ 2254 habeas corpus petition challenging his prison sentence for sexual abuse of

his three daughters.  Nunez was convicted of twelve counts of rape of a child and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

three counts of committing a lewd act on a child. He was sentenced to fifteen consecutive terms of fifteen years to life. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

We review de novo a district court's denial of a 28 U.S.C. § 2254 habeas corpus petition. *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022). We review ineffective assistance of counsel claims in the context of excusing a procedural default de novo. *Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016).

Nunez's ex post facto claim is procedurally defaulted. Nunez claims that the trial court violated the ex post facto clause by sentencing him on his three lewd act counts under the law in effect at the time of his sentencing rather than at the time of his offenses. The state court deemed Nunez's claim forfeited under California's contemporaneous objection rule because he did not request probation or object to the lack of probation at his sentencing hearing.

We may not hear a claim in a habeas action that has been "decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). We must defer to the state court's determination that Nunez forfeited his claim because that determination is an independent and adequate

---

[1] We construe Nunez's briefing of two uncertified issues as a motion to expand the certificate of appealability, *see* 9th Cir. R. 22-1(e), and deny it.

state ground for the court's decision. *See Zapata v. Vasquez*, 788 F.3d 1106, 1111–12 (9th Cir. 2015) (finding claim procedurally defaulted under California's contemporaneous objection rule).

Nunez argues that ex post facto claims are exempted from forfeiture under California law. But the state court rejected that argument, and because "state courts are the ultimate expositors of state law," we must abide "by the state's construction" unless it seems "that its interpretation is an obvious subterfuge to evade the consideration of a federal issue." *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (citation omitted). There is no indication of any such dubious state conduct here.

Next, Nunez contends that even if he forfeited his claim, he could excuse the procedural default under *Coleman*'s "cause and prejudice" standard because his attorney rendered ineffective assistance by failing to object at sentencing. 501 U.S. at 750. "[C]ounsel's ineffectiveness will constitute cause only if it is an independent constitutional violation," *id.* at 755, so Nunez must meet the standard for ineffective assistance set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the defendant to show prejudice from any deficient representation by counsel. *See Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Strickland*, 466 U.S. at 692).

Nunez cannot show prejudice. To show prejudice under *Strickland*, "there [must be] a reasonable probability that," but for the attorney error, "the result of the

proceeding would have been different." 466 U.S. at 694. Here, if Nunez's counsel had requested probation, the trial court's statements at sentencing suggest a strong probability that the outcome for Nunez would have remained the same. And even in the unlikely event that the trial court granted Nunez probation on the three lewd act counts, Nunez cannot show prejudice because he would nonetheless serve what is effectively a life sentence. The trial court sentenced him to twelve consecutive terms of fifteen years to life for his rape counts.

Because Nunez cannot prove his attorney's lack of objection prejudiced him under *Strickland*'s standard, he cannot show the cause necessary to excuse his procedural default. Hence Nunez's claim is procedurally defaulted.

**AFFIRMED.**